1  SHEILA M. SALOMON, SBN 164619
   ANDREW L. CHANG, SBN 222309
2  SHOOK, HARDY & BACON L.L.P.
   333 Bush Street, Suite 600
3  San Francisco, California 94104-2828
   Telephone:    (415) 544-1900
4  Facsimile:    (415) 391-0281
   ssalomon@shb.com
5  achang@shb.com

6  Attorneys for Plaintiffs
   ARISTA RECORDS LLC; UMG RECORDINGS,
7  INC.; SONY BMG MUSIC ENTERTAINMENT;
   PRIORITY RECORDS LLC; BMG MUSIC;
8  WARNER BROS. RECORDS INC.; and
   ELEKTRA ENTERTAINMENT GROUP INC.

9

10                  UNITED STATES DISTRICT COURT

11                 EASTERN DISTRICT OF CALIFORNIA

12                        FRESNO DIVISION

13

14  ARISTA RECORDS LLC, a Delaware          Case No.: 1:05-cv-00828-OWW-LJO
    limited liability company; UMG
15  RECORDINGS, INC., a Delaware            **Related Cases**:
    corporation; SONY BMG MUSIC
16  ENTERTAINMENT, a Delaware general        JUDGMENT AND PERMANENT
    partnership; PRIORITY RECORDS LLC, a    INJUNCTION BASED ON STIPULATION
17  California limited liability company; BMG
    MUSIC, a New York general partnership;
18  WARNER BROS. RECORDS INC., a
    Delaware corporation; and ELEKTRA
19  ENTERTAINMENT GROUP INC., a
    Delaware corporation,

20                Plaintiffs,

21        vs.

22  TERRI BROGBIN,

23                Defendant.

24

25

26

27

28

Shook, Hardy & Bacon L.L.P.
333 Bush Street, Suite 600
San Francisco
California 94104-2828

1    The Court, having considered the Stipulation to Judgment and Permanent Injunction

2  executed by the parties,

3

4    IT IS ORDERED AND ADJUDGED THAT:

5

6    1.    Plaintiffs have alleged that Defendant distributed (including by uploading) and/or

7  reproduced (including by downloading) via the Internet or an online media distribution system

8  copyrighted sound recordings owned or controlled by the Plaintiffs, without Plaintiffs'

9  authorization, in violation of 17 U.S.C. § 501.  Without admitting or denying liability, Defendant

10 has not contested plaintiffs' allegations, and has acknowledged that such conduct is wrongful.

11

12   2.    Defendant shall pay to Plaintiffs in settlement of this action the total sum of

13 $8545.60.

14

15   3.    Defendant shall pay Plaintiffs' costs of suit (complaint filing fee and service of

16 process fee) in the amount of $454.40.

17

18   4.    Defendant shall be and hereby is enjoined from directly or indirectly infringing

19 Plaintiffs' rights under federal or state law in any sound recording, whether now in existence or

20 later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate

21 record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by:

22

23       a)   using the Internet or any online media distribution system to reproduce (i.e.,

24            download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of

25            Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for

26            distribution to the public, except pursuant to a lawful license or with the

27            express authority of Plaintiffs; or

28

Shook, Hardy & Bacon L.L.P.
333 Bush Street, Suite 600
San Francisco
California 94104-2828

[PROPOSED] JUDGMENT AND PERMANENT INJUNCTION – CASE NO. 1:05-cv-00828-OWW-LJO
1

Shook, Hardy & Bacon L.L.P.
333 Bush Street, Suite 600
San Francisco
California 94104-2828

b)   causing, authorizing, permitting, or facilitating any third party to access the Internet or any online media distribution system through the use of an Internet connection and/or computer equipment owned or controlled by Defendant, to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.

Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant and/or any third party that has used the Internet connection and/or computer equipment owned or controlled by Defendant has downloaded without Plaintiffs' authorization onto any computer hard drive or server owned or controlled by Defendant, and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

5.   Defendant irrevocably and fully waives notice of entry of the Judgment and Permanent Injunction, and understands and agrees that violation of the Judgment and Permanent Injunction will expose Defendant to all penalties provided by law, including for contempt of Court.

6.   Defendant irrevocably and fully waives any and all right to appeal this Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

7.   Nothing contained in the Judgment and Permanent Injunction shall limit the right of Plaintiffs to recover damages for any and all infringements by Defendant of any right under federal copyright law or state law occurring after the date Defendant executes the Stipulation to Judgment and Permanent Injunction.

8.      Defendant shall not make any public statements that are inconsistent with any term of the Stipulation to Judgment and Permanent Injunction.

9.      The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this final Judgment and Permanent Injunction.

DATED:  __August 24, 2005___

By:   /s/ OLIVER W. WANGER
Hon. Oliver W. Wanger
United States District Judge

Shook, Hardy & Bacon L.L.P.
333 Bush Street, Suite 600
San Francisco
California 94104-2828

[PROPOSED] JUDGMENT AND PERMANENT INJUNCTION - CASE NO. 1:05-cv-00828-OWW-LJO

3